NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON MEDICINES LLC and NUVO PHARMACEUTICAL (IRELAND) DESIGNATED ACTIVITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, <br><br> Defendants. | Civil Action No. 15-3324 (SRC) <br><br> **OPINION & ORDER** <br><br> (consolidated for discovery purposes with Civil Action Nos. 16-4918, 15-3327, 16-4921, 15-3326, and 16-4920) |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for reconsideration of this Court's denial of the motion for a preliminary injunction by Plaintiffs Horizon Medicines LLC and Nuvo Pharmaceutical (Ireland) Designated Activity Company (collectively, "Plaintiffs"). Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL") oppose the motion. For the reasons that follow, the motion will be denied.

On December 18, 2019, this Court denied Plaintiffs' motion for a preliminary injunction. Plaintiffs now seek reconsideration of this decision on two grounds: 1) the Court's claim construction is contrary to Federal Circuit precedent; and 2) neither the facts nor the law supports the conclusion that Defendants raised a substantial question of patent validity.

Under Third Circuit law, a motion for reconsideration:

> should be granted only where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its

initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018). Plaintiffs fail to demonstrate that one or more of these grounds is present, justifying a grant of their motion.

Plaintiffs first argue that the Court's claim construction is contrary to Federal Circuit precedent. The Court makes the following observation. At oral argument on the preliminary injunction motion, held on December 19, 2019, Plaintiffs were given ample opportunity to make their case about the issues of claim construction, and Plaintiffs had little to say except that the claim language had "no hook." The arguments of error in this motion for reconsideration are either: arguments Plaintiffs did not make, or arguments they already made in their PI briefs. This Court will not grant a motion for reconsideration based on reargument, nor will it grant it based on new argument. Plaintiffs' reconsideration brief does not point to any intervening change in controlling law or new evidence. Rather, Plaintiffs contend that this Court's claim construction is clearly in error. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Court appreciates that Plaintiffs disagree with its claim construction, but Plaintiffs have not pointed to any error so obvious as to be considered a manifest error of law or fact.

Plaintiffs next argue that neither the factual record nor legal precedent supports the Court's conclusion that Defendants raised a substantial question of patent validity. Despite the subheading, Plaintiffs proceed to argue, again, that the claim construction was in error. This Court just addressed that.

Plaintiffs have failed to show an intervening change in controlling law, new evidence, or

any manifest error of law or fact.   The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 4th day of February, 2020

**ORDERED** that Plaintiffs' motion for reconsideration (Docket Entry No. 255) is **DENIED**.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.